It is very probable, from the whole complexion of this case, that the finding of the jury is right, but a new trial is moved for because the judge received improper evidence and because he misdirected the jury. As to the (225) first, I agree perfectly with the judge that the testimony was proper; but I do not altogether agree with him as to what was said relative to the alteration of the note or the paper on which the note was written. I admit that if the bond was altered by the obligee in either a material or immaterial part it thereby became void. But if a word or words be written on the same paper on which the obligation is written and they be neither a material nor immaterial part thereof, if in fact they do not belong to it and are no part of it, and those words be cut off, the obligation will not thereby be avoided. So, in the present case, admitting that the word "teste" (and no other part of the obligation) had been cut off, I think that circumstance would not avoid it, let the intention be what it might. But a bad intent ought not to be inferred from an innocent or useless act. If the charge had been to the jury that if they believed that not only the word "teste" but also the name of a witness had been separated from the paper, they should find for the defendant on the plea ofnon est factum, there could be no objection to it; for, although the attestation of a deed is said not to be of its essence, yet it is a mode of proof agreed upon by the parties and is so far a part of it. For these reasons it seems to me there ought to be a
New trial.
Cited: Smith v. Eason, 49 N.C. 38. *Page 114 
(226)